# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ATIIM-ENAHARA DYER-EL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:10CV2331 AGF |
| | ) | |
| TIMOTHY TORRENCE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the petition will be summarily dismissed.

Petitioner, a state pretrial detainee currently being held at Fulton State Hospital, has raised the following grounds as the basis for his relief from confinement. He claims: 1) that the state court Judge in his criminal case has a conflict of interest; 2) that he has failed to consent to representation by his court-appointed counsel; 3) that he was subject to "abuse" in the hands of the St. Louis Justice Center Staff; 4) that he has been falsely imprisoned ("kidnapped") and forcibly had his hair cut off when he entered custody ("raped"); 5) that several of the respondents named in this action have engaged in a civil conspiracy to hinder his rights under the law, including, but not limited to the use of intimidation, threats, interruption in the care of his mother,

hindering of the truth, impeding his travel and deprivation of his "name and nationality"; and 6) that the probable cause statements used to arrest and charge him were fictitious and fraudulent writings.

Under 28 U.S.C. § 2241(c)(3), the federal courts have jurisdiction over pretrial habeas petitions. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir.1979). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pre-trial habeas relief." *Id.* Only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. *Id.* "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceeding." *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (D. Wis. 1999). Courts have found that "special circumstances" existed where double jeopardy was at issue or where a speedy trial claim was raised. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488 (1973) (speedy trial); *Blanck*, 48 F. Supp. 2d at 860 (double jeopardy).

The grounds raised by petitioner do not constitute the "special circumstances" required for a finding that he has exhausted his available state remedies. Petitioner's allegations are conclusory and do not contain any facts, which if proved, would demonstrate that he has been deprived of the right to a speedy trial or that he has been put in double jeopardy. Additionally, the claims raised by petitioner can be adequately

raised in subsequent state proceedings or in proceedings in a civil rights action, pursuant to 42 U.S.C. § 1983. As a result, the Court will deny the instant petition.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 23rd day of February, 2011.

/s/ Audrey G. Fleissig
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE